IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                                            :
                                                                 :    Chapter 11
GLOBAL POWER EQUIPMENT GROUP                                     :
INC., et al.                                                     :
                                                                 :    Cases No. 06-11045 (BLS)
                                  Debtors.                       :    (Jointly Administered)
---------------------------------------------------------------- x

**APPLICATION FOR ORDER UNDER FED. R. BANKR. P. 2014 AND 11 U.S.C. §§ 328(a) AND 1103(a) AUTHORIZING <u>NUNC PRO TUNC</u> TO OCTOBER 10, 2006, THE EMPLOYMENT, RETENTION AND COMPENSATION OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS TO THE UNSECURED CREDITORS' COMMITTEE**

The Official Committee of Unsecured Creditors (the "Committee") of the above captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby seeks entry of an order, nunc pro tunc to October 10, 2006, authorizing the employment, retention and compensation of Chanin Capital Partners ("Chanin"), as financial advisors to the Committee. In support of this application (the "Application"), the Committee respectfully represents as follows:

Jurisdiction and Venue

1.  The court has jurisdiction to consider this application pursuant to 28 U.S.C. § 1334. Consideration of this application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested are sections 328(a) and 1103(a) of the Bankruptcy Code.

Background

2.  On September 28, 2006 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

10257167.1

3. The Debtors continue to manage their business and financial affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. On October 10, 2006, the Office of the United States Trustee for Region 3 (the "UST") appointed the Committee, which is currently composed of seven members.

### Retention Of Chanin Capital Partners

5. Promptly following its formation, the Committee selected Chanin to serve as its financial advisors in connection with these chapter 11 cases and all related matters. Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee requests that the Court approve its employment of Chanin, effective as of October 10, 2006, as its financial advisors, to perform necessary financial services for the Committee during these chapter 11 cases. The terms and conditions of Chanin's employment by the Committee are set forth in the engagement letter between Chanin and the Committee, dated as of October 10, 2006 (the "Engagement Letter")[1], which terms and conditions are summarized herein, and in the Williams Declaration (defined below). A form of order approving the Application is attached as Exhibit A.

6. The Committee believes that Chanin's rates and disbursement policies, as described in the attached declaration of Brent Williams, a managing partner of Chanin (the "Williams Declaration"), are reasonable.[2] The Committee has agreed to pay Chanin according to those terms, subject to the Court's approval.

---

[1] The Engagement Letter is attached hereto as Exhibit A. Capitalized terms not defined herein shall be defined as in the Engagement Letter.

[2] The Williams Declaration is attached to this Application as Exhibit B.

10257167.1     2

## Qualification of Chanin

7. Chanin has advised debtors and creditors committees in numerous restructuring transactions in some of the largest and most complicated cases. Notably, Chanin recently represented creditors' committees in the following prominent bankruptcies:

ATX Communications, Inc.
Birch Telecom, Inc.
Citation Corporation
Cable & Wireless USA, Inc.
Converse, Inc.
Covad Communications Group, Inc.
Focal Communications Corporation
McLeodUSA Incorporated
NeoplanUSA
Stone & Webster, Inc.

The Committee needs assistance in collecting and analyzing financial and other information in these chapter 11 cases. The Committee has thus selected Chanin as its financial advisors because of Chanin's diverse experience and extensive knowledge with financial advice in bankruptcy cases, as shown above. The Committee believes that Chanin is well qualified to perform the work required and uniquely able to provide financial advisory services to the Committee in these cases in an efficient manner. Chanin has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, Chanin is qualified to perform the work required in these cases.

## Professional Services To Be Performed

8. Subject to further order of the Court and as described in the Engagement Letter and Williams Declaration, the Committee proposes that Chanin be employed to, among other things:

a) Review and analyze the Debtors' operations, financial condition, business plan, strategy, and operating forecasts;

b) Analyze any merger, divestiture, joint-venture, or investment transaction;

c) Assist in the determination of an appropriate go-forward capital structure for the Debtors;

d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization (the "Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

e) Provide testimony, as necessary, before the bankruptcy court; and

f) Provide the Committee with other appropriate general restructuring advice and litigation support.

9. The Committee believes that Chanin is well qualified to represent its interests with respect to the foregoing matters. The Committee has requested Chanin's retention as of October 10, 2006, since the expedited sale process proposed by the Debtors made it imperative that Chanin begin its work immediately on the Committee's behalf.

10. In addition to Chanin, the Committee may employ certain other professionals, including without limitation, local counsel and financial advisors. Chanin will work closely with any other professionals retained by the Committee to ensure there is no duplication of efforts.

## Disinterestedness

11. To the best of the Committee's knowledge, and based on the Williams Declaration, Chanin's partners and associates are disinterested persons who do not have any connection with, or any adverse interest to the Debtors, its creditors or any other party in interest, or their respective attorneys and accountants, or with the UST or any person employed by the UST, except as set forth in the Williams Declaration.

12. Chanin has disclosed to the Committee that Chanin has in the past represented, currently represents, and will likely represent in the future, certain of the Debtors' creditors, affiliates of the Debtors' creditors, professionals and other parties in interest in matters unrelated to the Debtors or their chapter 11 cases. Specifically, Chanin has disclosed a list of clients that Chanin represents or has recently represented on unrelated matters and the nature of such unrelated matters on Schedule 2 to the Williams Declaration.

13. While Chanin has disclosed the aforementioned relationships in an abundance of caution, and the Committee in turn does so here, the Committee does not believe that such representations present a conflict of interest under the circumstances of these cases or diminish Chanin's ability to represent the Committee effectively.

## Compensation

14. As described more fully in the Williams Declaration, the Committee understands, based on the Williams Declaration, that the current standard flat monthly rate of $75,000 to be charged to the Committee is set at a level designed to fairly compensate Chanin for the work of its professionals and paraprofessionals. It is Chanin's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's engagement. The expenses charged to clients include, but are not limited to, reasonable travel

expenses, computer and research charges, reasonable attorney fees (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent; provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court) messenger services, and long distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee. Chanin will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Chanin's bankruptcy and non-bankruptcy clients in a manner consistent with the Local Bankruptcy Rules for the District of Delaware. Chanin, like other investment banking firms, is not the general practice of maintaining detailed time records similar to those customarily kept by attorneys. Chanin's restructuring professionals do as a practice, and in the Debtors' cases will as a practice, keep time records detailing and describing their daily activities, the identity of persons who performed such tasks and the amount of time expended on a daily basis. Further, Chanin's restructuring personnel do not maintain their time records on a "project category" basis. Due to the aforementioned, Chanin requests a waiver of certain requirements under Del.Bankr. LR 2016-2.

15. The Committee further understands that Chanin intends to apply to the Court for the reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules. Chanin has agreed to accept as compensation such sums as may be allowed by the Court. Chanin understands that interim awards are subject to final approval by this Court.

16. To the best of the Committee's knowledge and based on the Williams Declaration, there is no agreement or understanding between Chanin and any other entity for the

sharing of compensation received or to be received for services rendered in connection with these cases, except as permitted by Section 504 of the Bankruptcy Code. These cases are likely to raise complex issues and the Committee will require financial advisors with extensive experience in insolvency and bankruptcy cases.

## Committee May Retain and Employ Chanin Under Sections 1103

17. The Committee seek authority under sections 1103(a) and 328(a) of the Bankruptcy Code to retain and employ Chanin as financial advisors in connection with their chapter 11 cases. Section 1103(a) of the Bankruptcy Code provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

18. To the best of the Committee's knowledge, and based on the Williams Declaration, Chanin and the professionals employed by it are disinterested persons, within the meaning of section 101(14) of the Bankruptcy Code and as required by section 1103(a) of the Bankruptcy Code, who do not hold or represent an interest adverse to the estate and do not have any connection with the Committee, their creditors, or any other party in interest, or with their respective counsel or accountants, or with the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth in the Williams Declaration.

19. Chanin has disclosed to the Committee that Chanin has in the past represented, currently represents, and will likely represent in the future, certain of the Committee's creditors, affiliates of the Committee's creditors, professionals and other parties in

interest in matters unrelated to the Committee or their chapter 11 cases. Specifically, Chanin has disclosed a list of clients that Chanin represents or has recently represented on unrelated matters and the nature of such unrelated matters on <u>Schedule 2</u> to the Williams Declaration.

20. While Chanin has disclosed the aforementioned relationships in an abundance of caution, and the Committee in turn do so here, the Committee does not believe that such representations present a conflict of interest under the circumstances of these cases or diminish Chanin's ability to represent the Committee effectively as financial advisors.

21. Despite the efforts described in the Williams Declaration to identify and disclose Chanin's connections with parties-in-interest in these cases, Chanin may have failed to discover every connection it has with the Committee or interested parties. If Chanin discovers additional information that requires disclosure, Chanin has agreed that it will file supplemental disclosures with the Court as promptly as possible.

22. The Committee also seek approval of the Fee and Expense Structure pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a). Consequently, section 328(a) permits the Court to approve the terms of Chanin's engagement as set forth in the Engagement Letter.

23. Section 328(a) of the Bankruptcy Code permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions. To that end, the United States Court of Appeals for the Fifth Circuit has observed:

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. The uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants reasonable compensation based on relevant factors of time and comparable costs, etc. Under present § 328 the professionals may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

In re Nat'l Gypsum Co., 123 F.3d 861, 862 (5th Cir. 1997) (citations omitted).

24. Owing to this inherent uncertainty, courts have approved similar arrangements that contain reasonable terms and conditions under section 328(a) of the Bankruptcy Code.

25. The Fee and Expense Structure appropriately reflects the nature and scope of services to be provided by Chanin, and Chanin's substantial experience with respect to financial advisory services, and is consistent with the fee structures typically utilized by Chanin and other leading financial advisors, who do not bill their clients on an hourly basis.

26. Furthermore, under the recently enacted Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, a change was made to section 328(a) of the Bankruptcy Code, underlined below:

> The trustee, or a committee appointed under Section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, <u>on a fixed or percentage fee basis</u>, or on a contingent fee basis.

This change makes clear the ability of the Committee to retain, with Bankruptcy Court approval, a professional on a fixed fee basis such as the Fee and Expense Structure with Chanin in this case.

27. Notwithstanding approval of its engagement under sections 1103(a) and 328(a) of the Bankruptcy Code, Chanin will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court.

## No Prior Request

28. No previous application for the relief sought herein has been made to this or any other court.

## No Memorandum of Law is Necessary

29. Pursuant to D. Del. LR 7.1.2, the Committee respectfully requests that the Court dispense with the requirement that it file a separate memorandum of law. To the extent necessary, this Application contains citations to the relevant legal authorities.

## Notice

30. No trustee or examiner has been appointed in these cases. Notice of this application has been given to (i) counsel for the Committee; (ii) the Office of the United States Trustee for this District; and (iii) all parties that have requested service of pleadings in these cases. In light of the nature of the relief requested, the Committee submits that no other or further notice need be given.

WHEREFORE, the Committee requests entry of an order substantially in the form attached hereto as <u>Exhibit C</u>, (i) approving the retention and compensation of Chanin, and (ii) granting the Committee such other and further relief as is just.

Dated: October 30, 2006
Wilmington, Delaware

**Official Committee of Unsecured Creditors**

By: *Turner Industries, Kirk Patrick*
Its: *Counsel*

WHEREFORE, the Committee requests entry of an order substantially in the form attached hereto as <u>Exhibit C</u>, (i) approving the retention and compensation of Chanin, and (ii) granting the Committee such other and further relief as is just.

Dated: October 2̲9̲, 2006
Wilmington, Delaware

**Official Committee of Unsecured Creditors**
Steelhead Investments Ltd.
By: HBK Investments L.P.

By: *(signature)*
Its: *(signature)*
J. Baker Gentry, Jr.
Authorized Signatory