EXHIBIT A

ENGAGEMENT LETTER


**CHANIN CAPITAL PARTNERS**

330 Madison Avenue
11th Floor
New York, NY 10017
Tel 212.758.2629
Fax 212.758.2628

As of October 10, 2006

*Privileged and Confidential*

The Official Committee of Unsecured Creditors of Global Power Equipment Group, Inc.

Erik M.W. Caspersen
Kings Road Investments Ltd.
598 Madison Avenue, 14th Floor
New York, New York 10022

Don Wendt
Turner Industries Group LLC
1700 South Westport Drive
Port Allen, Louisiana 70767

Dear Messrs. Caspersen and Wendt:

The purpose of this letter is to confirm the understanding and agreement (the "Agreement") with the Official Committee of Unsecured Creditors (the "Committee") of Global Power Equipment Group, Inc. ("Global Power") and its associated debtors in possession (collectively, the "Company" or the "Debtors") concerning the engagement of Chanin Capital Partners L.L.C. ("Chanin") by the Committee.

1. **Engagement**: Chanin is being retained to provide financial advisory services for the Committee in connection with the Company's restructuring of its indebtedness and its Chapter 11 cases, including the analysis, consideration and development of a Chapter 11 plan of reorganization. Upon retention, Chanin will work at the direction of the Committee and in conjunction with other advisors retained by the Committee to:

    (a) Review and analyze the Company's operations, financial condition, business plan, strategy, and operating forecasts;

    (b) Analyze any merger, divestiture, joint-venture, or investment transaction;

    (c) Assist in the determination of an appropriate go-forward capital structure for the Company;

    (d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization (the "Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

 

Messrs. Caspersen and Wendt
As of October 10, 2006
Page 2 of 7

(e) Provide testimony, as necessary, before the bankruptcy court; and

(f) Provide the Committee with other appropriate general restructuring advice and litigation support.

The advisory services and compensation arrangements do not encompass other investment banking or financial advisory services not set forth in this paragraph 1.

2. Term of Agreement: This Agreement shall commence as of October 10, 2006 and shall continue unless the Committee or Chanin gives 30 days prior written notice of termination to the other party. Upon any termination, the provisions of Paragraph 3 (to the extent applicable) shall survive the termination of this Agreement to the extent such provisions relate to the payment of fees due on or before the effective date of termination (in the event of any termination which is other than on the first of the month, the pro rata portion of the monthly fees referred to in Paragraph 3(a) for the month of termination shall be deemed to be due on the effective date of termination) and expenses incurred on or before the effective date of termination and the provisions of Paragraphs 5, 6, 7, 8, and 9 shall survive the termination of this Agreement and shall remain in effect.

3. Fees and Expenses:

All fees and expenses hereunder shall be joint and several obligations of the Debtors (unless otherwise ordered by the Bankruptcy Court) subject to application for and allowance by United States Bankruptcy Court.

(a) Monthly Advisory Fee: The Debtors shall pay Chanin a cash fee of $75,000 per month (the "Monthly Fees") for the term of the engagement. The Monthly Fees shall be paid in advance on the first day of each month, and shall be due and payable for all months from the inception of this engagement through the earlier of (a) the termination of this agreement in accordance with section 2 hereof, or (b) the effective date of a confirmed plan of reorganization.

(b) Success Fee: In addition to the foregoing Monthly Fees, the Debtors shall pay Chanin a success fee (the "Success Fee") of $300,000 in cash on the effective date of any Plan (as defined below) or other court order pursuant to which distributions are to be paid to general unsecured creditors of Global Power and its non-Williams Group subsidiaries. For purposes of this subparagraph (b), the term "Plan" means a plan of reorganization or plan of liquidation of the Debtors pursuant to which distributions are to be paid to general unsecured creditors of Global Power and / or any of its subsidiaries; provided, however, the term "Plan" shall not include a "Williams Group Stand Alone Plan." For purposes of this subparagraph (b), a Williams Group Stand Alone Plan means a plan of reorganization or plan of liquidation or any other order of the Bankruptcy Court that directly or indirectly provides for distributions to be paid to unsecured creditors and equity holders of Williams Industrial Services Group, L.L.C. or any of its subsidiaries (collectively, the "Williams Group") but does not concurrently provide for distributions on account of general

CHANIN CAPITAL PARTNERS

Messrs. Caspersen and Wendt
As of October 10, 2006
Page 3 of 7

unsecured claims against (i) Global Power and (ii) any of its non-Williams Group subsidiaries. The Success Fee shall be paid under the Plan as an administrative expense.

(c) Expense Reimbursement: Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Monthly Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the first of each month to Chanin at the address listed above.

Out-of-pocket expenses shall include, but not be limited to all reasonable travel expenses, computer and research charges, attorney fees (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent, provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court) messenger services, and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

The parties acknowledge that a substantial professional commitment of time and effort will be required by Chanin and its professionals hereunder, and that such commitment may foreclose other opportunities for Chanin. Moreover, the actual time and commitment required by the engagement may vary substantially from week to week or month to month, creating 'peak load' issues for Chanin. Given the numerous issues which may arise in this engagement, Chanin's commitment to the variable level of time and effort necessary to address such issues, and the market prices for Chanin's engagements of this nature, the parties agree that the fee arrangement hereunder, pursuant to 11 U.S.C. § 328(a), fairly compensates Chanin and provides certainty for the Committee.

4. Company Information: The Committee recognizes and confirms that in rendering services hereunder, Chanin will be using and relying on, and assuming the accuracy of, without any independent verification, data, material and other information (collectively, the "Information") furnished to Chanin by or on behalf of the Committee, the Company or other third parties (including their agents, counsel, employees and representatives). The Committee understands that Chanin will not be responsible for independently verifying the accuracy of the Information provided to Chanin and shall not be liable for inaccuracies in any such Information. Unless required by subpoena or other valid legal process, and prior written notice is provided to you so that you may challenge such disclosure, we will not disclose to any third party (other than our counsel) any portion of the information so provided by the Company which constitutes confidential, proprietary or trade secret information except in furtherance of the engagement hereunder. We will not use such confidential information for any purpose other than pursuant to our engagement hereunder.

5. Indemnification: The Company shall provide indemnification and other obligations set forth in Schedule I hereto, which is an integral part hereof and is hereby incorporated by reference. Further, in the event that an Indemnified Person (as defined in Schedule I) is requested or required to appear as a witness in any action brought by or on behalf of or against the Committee or which otherwise relates to this Agreement or the services rendered by Chanin hereunder, the Company shall reimburse Chanin and the Indemnified Person for all reasonable expenses incurred by them in connection with

CHANIN CAPITAL PARTNERS

Messrs. Caspersen and Wendt
As of October 10, 2006
Page 4 of 7

such Indemnified Person appearing and preparing to appear as such a witness, including without limitation, the reasonable fees and disbursements of legal counsel.

6. <u>Bankruptcy Court Approval</u>: This Agreement is subject to the entry of an order of the court having jurisdiction the Company's bankruptcy case approving the retention of Chanin pursuant to the terms hereof. The Committee shall use commercially reasonable efforts to obtain prompt authorization of the retention of Chanin, *nunc pro tunc,* to October 10, 2006 on the terms and provisions in this Agreement pursuant to section 328(a) of the Bankruptcy Code. The order approving the Agreement and authorizing the retention shall be acceptable to Chanin in its sole discretion.

7. <u>Entire Agreement</u>: This Agreement represents the entire Agreement between the parties and may not be modified except in writing signed by both parties. This Agreement may be executed in counterparts, each of which shall constitute an original. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision.

8. <u>Affiliation</u>: The Committee recognizes that Chanin has been retained only by the Committee and that the Committee's engagement of Chanin is not deemed to be on behalf of and is not intended to and does not confer rights upon the Company or any of its security holders, officers, agents employees or representatives, or any individual members of the Committee. No one other than the Committee is authorized to rely upon the engagement of Chanin hereunder or any statements, advice, opinions or conduct of Chanin.

9. <u>Arbitration</u>: This Agreement will be governed by, and construed in accordance with, the laws of the State of New York applicable to agreements made and to be performed entirely in such state. Except to the extent that the parties shall be permitted to adjudicate any dispute in the bankruptcy court having jurisdiction over the Company's chapter 11 case and the bankruptcy court desires to exercise such jurisdiction, each of the parties hereto agrees to submit any claim or dispute arising out of or related to this Agreement solely to private and confidential arbitration by a single arbitrator selected in accordance with the rules of the American Arbitration Association. The arbitration proceedings shall be governed by the Commercial Rules of Arbitration of the American Arbitration Association and shall take place in the Borough of Manhattan, New York City, New York. The arbitrator shall have the power to order discovery and the authority to award any remedy or relief that a court of the State of New York could order or grant, including without limitation specific performance. The decision of the arbitrator shall be final and binding on each of the parties and judgment thereon may be entered in any court having jurisdiction. This arbitration procedure is intended to be the exclusive method of resolving any claim arising out of or related to this Agreement, including any claim as to the validity of this Agreement. Each party agrees to the personal and subject matter jurisdiction of such arbitration for the resolution of any such claim, including any issue relating to this arbitration provision. In the event of any arbitration arising out of or in connection with this Agreement, the prevailing party in such action shall be entitled to an award of actual attorneys' fees and costs incurred in connection with the arbitration. Nothing in this paragraph shall pertain to or affect the authority of a bankruptcy court having jurisdiction over the Company to consider and rule upon Chanin's applications for interim or final compensation pursuant to this Agreement.

CHANIN CAPITAL PARTNERS

Messrs. Caspersen and Wendt
As of October 10, 2006
Page 5 of 7

<u>Other Matters</u>: If this letter correctly sets forth our Agreement on the matters covered herein, please so indicate by signing and returning the enclosed copy of this letter and signing and retaining the duplicate we are enclosing for your records. Upon execution by both parties, this letter will constitute a legally binding Agreement between the Committee and Chanin.

10. We trust the foregoing terms and provisions are agreeable to you, and request that you sign and return the enclosed copy of this Agreement to us at your earliest convenience.


**CHANIN CAPITAL PARTNERS L.L.C.**


By: _____
     Brent Williams
     Managing Director


**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GLOBAL POWER EQUIPMENT GROUP, INC.**


By: _____
     Erik M.W. Caspersen, Co-Chairman


By: _____
     Don Wendt, Co-Chairman

 CHANIN CAPITAL PARTNERS

Messrs. Caspersen and Wendt
As of October 10, 2006
Page 6 of 7

**Schedule I**

This Schedule I is a part of and is incorporated into that certain letter agreement (the "Agreement"), dated as of October 10, 2006 by and between the Official Committee of Unsecured Creditors of Global Power Equipment Group, Inc. (together with its associated debtors in possession, the "Company") and Chanin Capital Partners L.L.C. ("Chanin"). Capitalized terms not defined herein shall have the same meaning assigned in the Agreement.

The Company shall indemnify and hold harmless Chanin and its affiliates and their respective directors, officers, employees, attorneys and other agents appointed by any of the foregoing and each other person, if any, controlling Chanin or any of its affiliates (Chanin and each such person and entity being referred to as an "Indemnified Person"), from and against any finally determined losses, claims, damages, judgments, assessments, costs and other liabilities (collectively, "Liabilities"), and will reimburse each Indemnified Person for all fees and expenses (including the reasonable fees and expenses of counsel) (collectively, "Expenses") as they are incurred in investigating, preparing, pursuing or defending any claim, action, proceeding or investigation, whether or not in connection with pending or threatened litigation and whether or not any Indemnified Person is a party (collectively, "Actions"), arising out of or in connection with advice or services rendered or to be rendered by an Indemnified Person pursuant to the Agreement, the transactions contemplated thereby or any Indemnified Persons' actions or inactions in connection with any such advice, services or transaction (the "Services"); provided that the Company will not be responsible for any Liabilities or Expenses of any Indemnified Person that are determined by a judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to have resulted from such Indemnified Person's gross negligence or willful misconduct in connection with any of the advice, actions, inactions or services referred to above. The Company shall also reimburse such Indemnified Person for all Expenses as they are incurred in connection with enforcing such Indemnified Persons' rights under the Agreement (including without limitation its rights under this Schedule I). Such Indemnified Person shall reasonably cooperate with the defense of any Actions.

Upon receipt by an Indemnified Person of actual notice of an Action against such Indemnified Person with respect to which indemnity may be sought under the Agreement, such Indemnified Person shall promptly notify the Company in writing; provided that failure to so notify the Company shall not relieve the Company from any liability which the Company or any other person may have on account of this indemnity or otherwise, except to the extent the Company shall have been materially prejudiced by such failure. The Company shall, upon receipt of notice, assume the defense of any such Action including the employment of counsel reasonably satisfactory to Chanin. Any Indemnified Person shall have the right to employ separate counsel in any Action and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnified Person, unless: (i) the Company has failed promptly to assume the defense and employ counsel or (ii) the named parties to any such Action (including any impleaded parties) include such Indemnified Person and the Company, and such Indemnified Person shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to the Company; provided that the Company shall not in such event be responsible hereunder for the fees and expenses of more that one separate counsel in connection with any Action in the same jurisdiction, in addition to any local counsel. The Company shall not be liable for any settlement of any Action effected without its written consent (which shall not be unreasonably withheld). In addition, the Company will not, without prior written consent of Chanin (which shall not be unreasonably withheld), settle, compromise or consent to the entry of any judgment in or otherwise seek to terminate any pending or threatened Action in respect of which

 CHANIN CAPITAL PARTNERS

Messrs. Caspersen and Wendt
As of October 10, 2006
Page 7 of 7

indemnification or contribution may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless such settlement, compromise, consent or termination includes an unconditional release of such Indemnified Person from all liabilities arising out of such Action.

In the event that the foregoing indemnity is not available to an Indemnified Person in accordance with the Agreement pursuant to the requirements of applicable law, the Company shall contribute to the Liabilities and Expenses paid or payable by such Indemnified Person in such proportion as is appropriate to reflect (i) the relative benefits to the Company, on the one hand, and to Chanin, on the other hand, of the matters contemplated by the Agreement, or (ii) if the allocation provided by the immediately preceding clause is not permitted by the applicable law, not only such relative benefits but also the relative fault of the Company, on the one hand, and Chanin, on the other hand, in connection with the matters as to which such Liabilities or Expenses relate, as well as any other relevant equitable considerations. For purposes of this paragraph, the relative benefits to the Company, on the one hand, and to Chanin, on the other hand, of the matters contemplated by this Agreement shall be deemed to be in the same proportion as (a) the total value paid or received or contemplated to be paid or received by the Company in the transaction, whether or not any transaction is consummated, bears to (b) the fees paid or payable to Chanin under the Agreement.

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or the Committee for or in connection with advice or services rendered or to be rendered by any Indemnified Person pursuant to the Agreement, the transactions contemplated thereby or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except for Liabilities (and related Expenses) of the Company or the Committee that are determined by a judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to the extent resulting from such Indemnified Person's gross negligence or willful misconduct in connection with any such advice, actions, inactions or services.

These indemnification, contribution and other provisions of this Schedule I shall (i) remain operative and in full force and effect regardless of any termination of the Agreement or completion of the engagement by Chanin; (ii) inure to the benefit of any successors, assigns, heirs or personal representative of any Indemnified Person; and (iii) be in addition to any other rights that any Indemnified Person may have.