EXHIBIT B

WILLIAMS DECLARATION

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
                                                              :
In re                                                         :        Chapter 11
                                                              :
GLOBAL POWER EQUIPMENT GROUP                                  :
INC., et al.                                                  :        Cases No. 06-11045 (BLS)
                                                              :        (Jointly Administered)
                                        Debtors.              :
------------------------------------------------------------- x
```

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF BRENT WILLIAMS PURSUANT TO FED. R. BANKR. 2014(a) IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103(a) AUTHORIZING ITS RETENTION OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS

1.     I am a managing director at Chanin Capital Partners ("Chanin" or the "Firm"). I submit this unsworn declaration under penalty of perjury in accordance with 28 U.S.C. § 1746 and in support of the application of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), dated October 30, 2006, (the "Application"), for an order under sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Chanin as the Committee's financial advisors. Unless otherwise stated, I have personal knowledge of certain of the matters set forth herein.

2.     The name, address, telephone, and facsimile number of Chanin are:

Chanin Capital Partners
330 Madison Avenue, 11th Floor
New York, New York 10017
Telephone:     212-758-2629
Facsimile:      212-758-2628

## Qualification of Chanin

3.     The Committee was formed on October 10, 2006. It now wishes to retain
Chanin as its financial advisor in the Debtors' chapter 11 cases <u>nunc</u> <u>pro</u> <u>tunc</u> to that date.

4.     Chanin has advised debtors and creditors committees in numerous
restructuring transactions in some of the largest and most complicated cases. Notably, Chanin
recently represented creditors' committees in the following prominent bankruptcies:

ATX Communications, Inc.
Birch Telecom, Inc.
Citation Corporation
Cable & Wireless USA, Inc.
Converse, Inc.
Covad Communications Group, Inc.
Focal Communications Corporation
McLeodUSA Incorporated
NeoplanUSA
Stone & Webster, Inc.

The Committee needs assistance in collecting and analyzing financial and other
information in these chapter 11 cases. The Committee has thus selected Chanin as its financial
advisors because of Chanin's diverse experience and extensive knowledge with financial advice
in bankruptcy cases, as shown above. The Committee believes that Chanin is well qualified to
perform the work required and uniquely able to provide financial advisory services to the
Committee in these cases in an efficient manner. Chanin has considerable experience with
rendering such services to committees and other parties in numerous Chapter 11 cases. As such,
Chanin is qualified to perform the work required in these cases.

## Professional Services To Be Performed

5.　Subject to further order of the Court and as described in the Engagement Letter and Williams Declaration, the Committee proposes that Chanin be employed to, among other things:

a) Review and analyze the Debtors' operations, financial condition, business plan, strategy, and operating forecasts;

b) Analyze any merger, divestiture, joint-venture, or investment transaction;

c) Assist in the determination of an appropriate go-forward capital structure for the Debtors;

d) Assist the Committee in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring or Plan of Reorganization (the "Plan"), including the value of the securities, if any, that may be issued to the Committee under any such restructuring or Plan;

e) Provide testimony, as necessary, before the bankruptcy court; and

f) Provide the Committee with other appropriate general restructuring advice and litigation support.

6.　Subject to the Court's approval, Chanin is willing to serve as the Committee's financial advisors and to perform the services described above.

7.　In addition to Chanin, I understand that the Committee may further employ certain other professionals. Chanin will work closely with any other professionals

retained by the Committee, including Schulte Roth & Zabel LLP and Landis Rath Cobb LLP, to represent the Committee efficiently and ensure that there is no duplication of efforts.

## Disinterestedness of Professionals[1]

8.      Except as otherwise set forth herein, to the best of my knowledge, as of the date hereof, the partners and associates of Chanin: (i) do not have any connection with (a) the judge primarily assigned to these chapter 11 cases, (b) the Debtors or their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, or (c) the United States Trustee for Region 3 or any person employed in the office of the United States Trustee for Region 3 and (ii) do not represent any entity having an adverse interest to the Debtors' estates.[2]

9.      Chanin has in the past represented, currently represents, and likely in the future will represent, certain creditors of the Debtors and other parties in interest, or their attorneys, accountants or investment banks, in matters unrelated to the Debtors, the Debtors' chapter 11 cases, or the claims of these entities against the Debtors. The conflicts check of the Firm's client database has shown that Chanin has represented the entities described on Schedule 2, attached to this declaration. If required, Chanin will disclose any further connections upon review of the responses to the "disinterestedness" questionnaire.

---

[1]      The statements respecting Chanin and its employees contained in paragraphs 8 through 12 hereof are based upon (i) various conflicts checks of the Firm's database beginning October 15, 2006 and continuing through the date of this Application and (ii) responses to the circulation of an electronic questionnaire to all of the Firm's employees. The entities subject to such conflicts checks are listed on the attached Schedule 1, attached hereto and incorporated herein by reference. The list of entities searched was inclusive of the list of interested parties provided to Chanin by White & Case and The Bayard Firm, as well as additional interested parties.

[2]      Chanin has instituted and is carrying on further inquiries of its employees with respect to the matters contained herein, including the circulation of an electronic questionnaire to each of the approximately 71 employees in the Firm's offices regarding their connections, if any, with the debtors and their affiliates, the debtors' officers and directors, the debtors' largest shareholders, and the debtors' attorneys and accountants, the United States Trustee for Region 3 or any person employed in the office of the United States Trustee for Region 3. Chanin continues to review the responses to these inquiries, and will promptly advise the court and file supplemental affidavits or declarations if, as a result of responses to such inquiries or otherwise, further disclosure is required.

10. Chanin does not and has not represented any other creditor of the Debtor in connection with these bankruptcy cases.

11. Further, to the best of my knowledge:

neither Chanin nor any employee of the Firm is or was a creditor, an equity security holder, or an insider of the Debtors;

neither Chanin nor any employee of the Firm is or was, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

neither Chanin nor any employee of the Firm has an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

12. I am not related, and to the best of my knowledge, no employee of the Firm is related to any United States Bankruptcy Judge for the District of Delaware, or to the United States Trustee for Region 3 or any employee of the United States Trustee's office for Region 3.

13. As part of its practice, Chanin appears in cases, proceedings and transactions involving many different attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in these cases. Chanin will have no relationship with any such entity, attorney or financial advisor that would be materially adverse to the Debtor.

14. Chanin has many professional employees. It is possible that certain employees of Chanin may have business associations with parties in interest in these cases or hold securities of the Debtor or interests in mutual funds or other investment vehicles that may own securities of the Debtor.

15. To the best of my knowledge, information and belief, formed after reasonable inquiry none of the services rendered by Chanin to the entities set forth in Schedule 2

hereto and herein, have been in connection with the Debtors or these chapter 11 cases. Chanin believes that these relationships will not impair Chanin's ability to perform professional services objectively on behalf of the Committee.

16.     Despite the efforts described above to identify and disclose connections with parties in interest in these cases, Chanin is unable to state with certainty that every client representation or other connection of Chanin has been disclosed. If Chanin discovers additional information requiring disclosure, Chanin will file supplemental disclosures with the Court as promptly as possible.

17.     To the best of my knowledge, information and belief formed after reasonable inquiry, Chanin does not hold nor represent any interest materially adverse to the Debtors in the matters for which Chanin is proposed to be retained. The proposed employment of Chanin is not prohibited by or improper under Bankruptcy Rule 5002. Accordingly, I believe that Chanin is eligible for retention by the Committee under the Bankruptcy Code.

<u>Professional Compensation</u>

18.     Chanin intends to apply to the Court for the reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules. Chanin has agreed to accept as compensation such sums as may be allowed by the Court. Chanin understands that interim awards are subject to final approval by this Court

19.     As described in the engagement letter (the "Engagement Letter"[3]), the Committee proposes to compensate Chanin as follows:

---

[3] Capitalized terms not defined herein shall be defined as in the Engagement Letter.

a) <u>Monthly Advisory Fee</u>: The debtors in possession (the "<u>Company</u>" or the "<u>Debtors</u>") shall pay Chanin a cash fee of $75,000 per month (the "<u>Monthly Fees</u>") for the term of the engagement. The Monthly Fees shall be paid in advance on the first day of each month, and shall be due and payable for all months from the inception of the Engagement Letter through the earlier of (a) the termination of the Engagement Letter in accordance with section 2 thereof, or (b) the effective date of a confirmed plan of reorganization.

b) <u>Success Fee</u>: In addition to the foregoing Monthly Fees, the Debtors shall pay Chanin a success fee (the "<u>Success Fee</u>") of $300,000 in cash on the effective date of any Plan (as defined below) or other court order pursuant to which distributions are to be paid to general unsecured creditors of Global Power and its non-Williams Group subsidiaries. For purposes of this subparagraph (b), the term "<u>Plan</u>" means a plan of reorganization or plan of liquidation of the Debtors pursuant to which distributions are to be paid to general unsecured creditors of Global Power and / or any of its subsidiaries; provided, however, the term "Plan" shall not include a "<u>Williams Group Stand Alone Plan</u>." For purposes of this subparagraph (b), a Williams Group Stand Alone Plan means a plan of reorganization or plan of liquidation or any other order of the Bankruptcy Court that directly or indirectly provides for distributions to be paid to unsecured creditors and equity holders of Williams Industrial Services Group, L.L.C. or any of its subsidiaries (collectively, the "<u>Williams Group</u>") but does not

concurrently provide for distributions on account of general unsecured claims against (a) Global Power and (b) any of its non-Williams Group subsidiaries. The Success Fee shall be paid under the Plan as an administrative expense.

c) <u>Expense Reimbursement</u>: Chanin shall be entitled to monthly reimbursement of reasonable out-of-pocket expenses incurred in connection with the services to be provided under the Engagement Letter. Monthly Fees plus reimbursement of reasonable and documented out-of-pocket expenses as billed are due upon the first of each month to Chanin. Out-of-pocket expenses shall include, but not be limited to all reasonable travel expenses, computer and research charges, attorney fees (provided that such attorney fees shall not exceed $25,000 without the Committee's prior consent, provided that no prior consent shall be required in connection with legal fees incurred by Chanin in connection with objections to Chanin's retention, or in the prosecution of interim and final fee applications before the Bankruptcy Court) messenger services, and long-distance telephone calls incurred by Chanin in connection with the services to be provided to the Committee.

d) <u>Indemnification</u>: The Company shall provide indemnification and other obligations set forth in Schedule I to the Engagement Letter. Further, in the event that an Indemnified Person (as defined in Schedule I) is requested or required to appear as a witness in any action brought by or on behalf of or against the Committee or which otherwise relates to the

Engagement Letter or the services rendered by Chanin hereunder, the Company shall reimburse Chanin and the Indemnified Person for all reasonable expenses incurred by them in connection with such Indemnified Person appearing and preparing to appear as such a witness, including without limitation, the reasonable fees and disbursements of legal counsel.

20.     Chanin has agreed to be compensated and reimbursed in the amounts allowed by the Court, based upon the professional time spent, the rates charged for its services, the necessity of its services to the administration of the Debtors' estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or other tasks addressed in these chapter 11 cases.

21.     Other than as set forth above, there is no proposed arrangement between the Committee and Chanin for compensation to be paid in this case.

22.     There is no agreement or understanding between Chanin and any other entity for the sharing of compensation received or to be received for services rendered in connection with these cases, except as permitted by Section 504 of the Bankruptcy Code . These cases are likely to raise complex issues and the Committee will require financial advisors with extensive experience in insolvency and bankruptcy cases.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2006

_____
Brent Williams

# Schedule I

## Entities Subject to Conflicts Check

**The Debtors**
Global Power Equipment Group Inc. (parent)
Global Power Professional Services, LLC
Deltak, LLC
Deltak Construction Services, Inc
Braden Manufacturing, LLC
Braden Construction Services, Inc.
Williams Industrial Services Group, LLC
WSServices, LP
Williams Specialty Services, LLC
Williams Plant Services, LLC
Williams Industrial Services, LLC

**Officers and Directors**
Larry Edwards
Monte Ness
Gene Schockemoehl
James P. Wilson
John Matheson
Candice Cheeseman
Stephen Eisenstein
Adrian W. Doherty Jr.
Edgar G. Hotard
Ira Kleinman
Jerry E. Ryan
Bengt Sohlen
Dan Daniels
John McNaughton
Mike Hanson
Michael L. Greenwood
Thomas D. McDowell
William K. Lambert
Rui Zhang a/k/a Jang-Rae Carter
Luther C. Daniels, Jr.
Kenneth W. Robuck
David A. Harley
W. Herb Johnson
Tina Robinson
Douglas A. Page
Stephen Einstein
Pat Albert
Jeff Davis
Scott Neumeister
Kevin Zahler
Steve Rice
Kevin Reince
Dean Glover
Whit Kittleman
Mike Rippy

Al Brousseau
Mardi de Verges

## Owners of 5% or More of the Voting Securities Of Debtors
PPM America
Zesiger Capital Group
Wisconsin State Board Of Investment
Artisan Partners
Conus Partners Inc.
Royce & Associates
Harvest Associates III L.L.C.
Cannell Capital LLC
Mac-Per-Wolf Company
Babson Capital Management LLC
Lord, Abbett & Co. LLC
Barclays Global Investors, N.A.
Brandywine Asset Management, LLC

## The Debtor's 20 Largest Unsecured Creditors as Identified in the Debtor's Chapter 11 Petition
Steelhead Investments Ltd.
Kings Road Investments Ltd.
D.B. Zwirn Special Opportunities Fund, Ltd.
HCM/Z Special Opportunities LLC
D.B. Zwirn Special Opportunities Fund, L.P.
AARDING BV
Tepat Teknik Sdn. Bhd.
Coen Company Inc./DE Jong Doen B.V.
Scott Process Systems, Inc.
Fan Group Inc.
Turner Industries Group LLC
Edgen Alloy Products, LLC
Gerlach
PricewaterhouseCoopers LLP
Guangzhou Delsun Stl. Str. Co.
Edmonton Exchanger & Mfg. Ltd.
McBride Electric Inc.
Cormetech, Inc.
Control Components Inc.
Emerachem LLC

## Other Creditors
A&P Alloys Inc.
Alstom
American Express-Air Travel Acct
American Warming & Ventilating
Aon Risk Services Inc. Of Oklahoma
APCO Machine Company
APV North America Inc.
Arcus Nederland B.V.
Basic Industries Inc
Cannon Sline Industrial
Clarage
Coastal Gunite Construction
Cogburn Bros Inc
Cogen Cleaning Technologies
Complete Coatings Inc

Dell
Denman & Davis
Diamond Manufacturing Co
Dylan Export
E.L. Power
Effox Inc
Englobal Systems Inc.
Ernst & Young LLP
F H Peterson Machine Corp
Fabricom Gti Major Projects BV
Fisher Controls Intl LLC
Flake H. G. Company
Fluidic Techniques
Forney Corporation
Gonzales Manufacturing
Goyen Valve Corp.
Grant Thornton
Guangzhou Economic & Technical
Guggenheim Corporate Funding LLC
Haldor Topsoe, Inc.
Harrington Industrial Plastics LLC
Hertz Equipment Rental Corp
HP Valves
Huron Consulting
J. Gifford
Jones Day
King L. A. Corp
Kolp Engineering
Liberty Steel Inc
Master Pumps & Equipment
Maxim Crane Works LP
Milton J Wood Company
Milton J Wood Fire Protect Inc
Nelson Electric
Nicholson & Hall Corp
North Wind, Inc.
Parker Hannifin Corp
Pbm Constructors Inc
Pic Energy Services, Inc.
Piping Technology
Power Industry Consultants
PPG Architectural Finishes
Rexel Consolidated
Rieckman Engineered Products, LLC
Rule Company
Sea Tech Marine International
Setofresa & Associados
Sifang Locomotive And Rolling
Sitek Enterprise Limited
Sooner Rubber Products
Southeast Texas Ind Inc
Stinnett & Associates
Tierney & Dalton Associates Inc.
Tioga Pipe Supply Co., Inc.
Tomco Equipment Company
Tyco Valves & Controls #0789

United Scaffolding Inc
US Filter Wallace & Tiernan
Vallourec & Mannesmann
Valve Technologies, Inc.
W W Gay Mechanical Contractors
Wahlco Metroflex
West Central Steel, Inc.
Winchester Roll Products, Inc.

## The Retained Professionals, Ordinary Course Professionals and Other Advisors That The Debtor Has Identified for Employment in This Case

White & Case LLP
The Bayard Firm
Conner & Winters, LLP
Alvarez and Marsal, LLP
Alvarez and Marsal Securities, LLP
AlixPartners, LLC

## Secured Lenders

Bank of America, N.A.
U.S. Bank National Association
Bank of Oklahoma, N.A.
Citicorp North America Inc.
M&I Marshall & Ilsley Bank

## Office of the Trustee

Joseph J. McMahon, Jr.
Kelly Beaudin Stapleton
Joanne E. Clausen
Dianne P. Dugan
Linda P. Logan
Robert S. McGinty
Andrew R. Vara
Bonnie Anemone
David Buchbinder
Wayne Davis
Diane Giordano
Christine Green
William K. Harrington
Margaret L. Harrison
Jeffrey Heck
Mark Kenney
James R. O'Malley
Lauren O'Neal Michael Panacio
William Runzer
Richard Schepacarter
Ramona Vinson
Michael West
Shakima L. Williams
Dion Wynn

## Other Parties Searched

Harvest Partners
Banque Paribus
GE Energy

Mitsubishi Power Systems
Siemens Power Generation
The Southern Company
Tennessee Valley Authority
Florida Power & Light
Energy West
Jacksonville Electric Authority
Exelon
Consolidated Edison
Mead Westvaco
Smurfit Stone
Plainfield Asset Management LLC

## GPEG Non-Debtor Parties to Material Contracts

Sandvik Materials Technology
V&M Tubes Corporation
Tulsa Fin Tube
Radnor Alloys Inc.
Wagner Plate Works
Gulfco
Smith-Sharpe
Kentube Finned Products
Cust-o-Bend
Chicago Tube & Iron Co.
Flowserve Corp.
Jetson Incorporated
Haberman Machine
Industrial Ceramics Ltd.
Rolled Alloys
U.S. Metals Inc.
Rasmussen Co., Inc.
Rathgibson
American Alloy Steel Inc.
Trinity Industries, Inc.
Dowco Valve Company
Uni-Form Components Co.
Expansion Joint Systems
Cox Industries
Red Man Pipe & Supply
Basic Stainless Inc.
Hesseco
Technical Industrial Sales
American Piping Products Inc.
Sherwin Williams
Infra-Metals Co.
Jasper Engineering
Class C Components
Delmar Company
Mechanical Pipe & Supply
Industrial Stainless Supply
Guy Metals Inc.
Federal Steel Company
Swanson Flo-Systems Company
Ryerson Tull Steel
Bergen Power Pipe Products
Building Fastners

Thermal Ceramics
Talbot Lumber Company Inc.
Superheat FGH Services Inc.
J & W Instruments Inc.
Piping Technology & Products
Adcoa
Nott Company, W.S.
B.D. Schiffler
Universal Lubricants Inc.
Unifrax Corporation
Challman & Company
Binford & Associates
Grainger Inc. W.W.
Finnaren & Haley Inc.
Power Dynamics Inc.
API Construction Company
Northland Fastening Systems
McMaster-Carr
Fastenal
Border States Electric Supply
Nass Mechanical Contracting Co.
Air Liquide
SNC-Lavalin Power Ontario Inc.
SNC Goreway
Calpine
Chiyoda
Navisota
Brazos Electric Power
Altouki
BHA Group De Mexico SA DE CV
Howe-Baker Engineers, Ltd.
Kang Rim Industries Co. Ltd.
Tenaska Power Equipment
S&T Corporation
DeRidder
Mead Coated Board
Mitsui Babcock
CTCI Corporation
Al Toukhi Group
Sumitomo Corp. of America
MSSM Corp.
Danem Engineering Works
Jacquet Nederland B.V.
Finow Energy GMBH
Hazard Elimination Corp.
FPL Group
Maasvlakte Energie B.V.
Coastal Gunite Construction Company
PSE&G

## Schedule 2
## Creditors' Conflicts Chart

| Name of Entity Searched | Name of Potential Affiliate of Entity that is Chanin Client | Brief Description of Representation |
| --- | --- | --- |
| Alix Partners | Alix Partners | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Alvarez & Marsal, LLP | Alvarez & Marsal, LLP | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Bank of America NA | Bank of America NA | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| The Bayard Firm | The Bayard Firm | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Ernst & Young LLP | Ernst & Young LLP | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Grant Thornton | Grant Thornton | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Jones Day | Jones Day | Working (or worked) with or against on other engagements in wholly unrelated matters. |
| Office of the U.S. Trustee | Office of the U.S. Trustee | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| Plainfield Asset Management | Plainfield Asset Management | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| PPM America | PPM America | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| PricewaterhouseCoopers | PricewaterhouseCoopers | Working (or worked) with or |

| Name of Entity Searched | Name of Potential Affiliate of Entity that is Chanin Client | Brief Description of Representation |
| --- | --- | --- |
| LLP | LLP | against on other engagements in wholly unrelated matters. |
| U.S. Bank National Association | U.S. Bank National Association | Member of committee, adverse party, or party in interest in wholly unrelated matter for which Chanin acted as financial advisor or investment banker. |
| White & Case LLP | White & Case LLP | Working (or worked) with or against on other engagements in wholly unrelated matters |
| Calpine | Calpine | Chanin is currently working as financial advisor to the Indenture and Pass Through Trustee in the chapter 11 cases. |