**ORIGINAL**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| GLOBAL POWER EQUIPMENT GROUP INC., et al. | Case No. 06-11045 (BLS) |
| | (Jointly Administered) |
| Debtors. | **Ref. No. 210** |

## ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103(a) AUTHORIZING NUNC PRO TUNC TO OCTOBER 10, 2006, THE EMPLOYMENT, RETENTION AND COMPENSATION OF CHANIN CAPITAL PARTNERS AS FINANCIAL ADVISORS TO THE UNSECURED CREDITORS' COMMITTEE

Upon consideration of the application of the Official Committee of Unsecured Creditors (the "Committee"), dated October 30, 2006 (the "Application"), for an order under 11 U.S.C. §§ 328(a) and 1103(a) authorizing the employment, retention and compensation of Chanin Capital Partners ("Chanin") as financial advisors to the Committee; and upon the supporting declaration of Brent Williams, dated October 30, 2006, attached to the Application as Exhibit B (the "Williams Declaration") and upon the informal response to the Application received; and the Court finding that (a) the Court has jurisdiction to consider and determine the Application and the relief requested in accordance with 28 U.S.C. §§ 157 and 1334; (b) consideration of the Application and the relief requested there are core proceedings pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) due and proper notice of the Application was provided to the parties entitled to receive notice, and such notice was sufficient under the circumstances and that no other or further notice need be provided; and the Court being satisfied, based on the representations made in the Application and Williams Declaration, that Chanin represents or holds no interest adverse to the Committee, their estates, the Committee, or its members as to the matters upon which it is to be engaged and is disinterested under section 101(14) of the title 11 of the United States Code, (the "Bankruptcy

586.001-14703.doc

Code"); and the Court having reviewed the Application and the Williams Declaration; and the Court having determined that the relief requested in the Application is in the best interest of the Committee, their estates and creditors; and upon the proceedings had before the Court; and good and sufficient cause appearing therefor; it is:

HEREBY ORDERED THAT:

1.      The Application be, and hereby is, GRANTED as set forth herein.

2.      Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, the Committee is authorized to employ, retain and compensate Chanin, effective as of October 10, 2006, as the Committee's financial advisors, on the terms and set forth in the Application, the Williams Declaration, and the engagement letter, dated October 10, 2006, in the form attached to the Application as Exhibit A (the "Engagement Letter"), as modified herein.

3.      As set forth in the Engagement Letter, as modified herein, Chanin shall be compensated in accordance with the standards set forth in sections 328(a) and 330(a) of the Bankruptcy Code and shall file applications in compliance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, local rules of this Court, and such other procedures as may be fixed by order of this Court; provided, however, that Chanin is granted a limited waiver of the requirements of Del. Bankr. LR 2016-2(d) to keep time records describing its professionals' daily activities in ½ hour increments by project category; provided, further, however, that notwithstanding the foregoing and anything to the contrary in either the Application or the Engagement Letter, such fee applications shall be reviewed under section 330 of the Bankruptcy Code with respect to any objection thereto by the office of the United States Trustee.

4.      The Engagement Letter is hereby modified as follows:

a. Paragraph 3, page 3 of the Engagement Agreement is hereby modified to reflect (i) that the maximum amount of attorney's fees to be reimbursed as expenses shall not exceed $10,000 and (ii) that notwithstanding the foregoing, any request for reimbursement of attorney's fees remains subject to review by this Court for reasonableness;

b. Paragraph 5 of the Engagement Agreement and all indemnification provisions are hereby modified as follows:

(i.) subject to the provisions of subparagraphs (ii) and (iii) infra, the Debtors are authorized to indemnify, and shall indemnify, Chanin in accordance with the Engagement Letter, for any claim arising from, related to, or in connection with the services to be rendered as described in the Engagement Letter, but not for any claim arising from, related to, or in connection with Chanin's postpetition performance of any services other than the services described in the Engagement Letter, unless such other postpetition services and indemnification therefor are approved by the Court;

(ii.) notwithstanding any provision of the Engagement Letter to the contrary, the Debtors have no obligation to indemnify Chanin, or provide contribution or reimbursement to Chanin, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Chanin's bad faith, gross negligence, material breach of contract, or willful misconduct, or (ii) settled prior to a judicial determination as to Chanin's bad faith, gross negligence, material breach of contract, or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which Chanin should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

(iii.) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to

appeal), and (ii) the entry of an order closing these chapter 11 cases, Chanin believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Chanin must file an application therefor in this Court, and the Debtors may not pay any such amounts to Chanin before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Chanin for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Chanin.

c. The first full paragraph of page 7 of the Engagement Agreement (found on the second page of Schedule 1) is hereby modified to include the following at the end of the paragraph "provided, however, that this provision should not be applicable in the event that indemnification is not available to an Indemnified Person based on such Person's bad faith, gross negligence, material breach of contract or willful conduct, each of the forgoing being determined by a judgment of a court of competent jurisdiction, which is no longer subject to appeal or further review."

d. The second full paragraph of page 7 of the Engagement Agreement (found on the second page of Schedule 1) is hereby modified to provide as follows (addition in italics):

No Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Company or the Committee for or in connection with advice rendered or to be rendered

by any Indemnified Person pursuant to the Agreement, the transactions contemplated thereby or any Indemnified Person's actions or inactions in connection with any such advice, services or transactions except for Liabilities (and related Expenses) of the Company or the Committee that are determined by a judgment of a court of competent jurisdiction, which judgment is no longer subject to appeal or further review, to the extent resulting from such Indemnified Person's gross negligence, *material breach of contract, bad faith* or willful misconduct in connection witih any such advice, actions, inactions or services.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: Wilmington, Delaware
      November 17, 2006

The Honorable Brendan L. Shannon
United States Bankruptcy Judge