# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| GLOBAL POWER EQUIPMENT GROUP INC., et al., | ) | Case No. 06-11045 (BLS) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Objection deadline: March 27, 2008 at 4:00 p.m.** |
| | ) | **Hearing date: April 8, 2007, 2:00 p.m.** |

**FINAL APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC IN THEIR CAPACITY AS FINANCIAL ADVISORS TO THE DEBTORS AND DEBTORS-IN-POSSESSION FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM SEPTEMBER 28, 2006 – JANUARY 22, 2008**

**Name of Applicant:**              **Alvarez & Marsal North America, LLC**

| | |
|---|---|
| Authorized to Provide Professional Services To: | GLOBAL POWER EQUIPMENT GROUP INC., et al., |
| Date of Retention: | Order entered November 19, 2007 [docket No. 349 nunc pro tunc to September 28, 2007 |
| Final Period for which Compensation and Reimbursement is Sought: | September 28, 2006 – January 22, 2008 |
| Amount of Final Compensation Sought as Actual, Reasonable and Necessary: | $6,520,447.50 |
| Amount of Incentive Compensation Sought as Actual, Reasonable and Necessary: | $  500,000.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $  513,120.32 |
| Total Gross Amount of Award Requested: | $7,533,567.82 |

This is an:              _____  interim   x   final application.

## Summary of Applications for Final Period
### *SEPTEMBER 28, 2006 THROUGH JANUARY 22, 2008*

| Date & Docket No. | Period Covered | Requested Fees | Requested Expenses | CNO/Order Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| 2/15/07 [793] | 9/28/06 - 12/31/06 | $1,391,812.50 | $100,536.58 | Order 3/20/07 [934] | $1,391,812.50 | $100,536.58 | - 0 - |
| 5/15/07 [1155] | 1/1/07 - 3/31/07 | $1,737,968.75 | $144,581.48 | Order 6/25/07 [1334] | $1,737,968.75 | $144,581.48 | - 0 - |
| 8/14/07 [1486] | 4/1/07 - 6/30/07 | $1,032,912.50 | $97,912.79 | Order 9/28/07 [1748] | $1,032,912.50 | $97,912.79 | - 0 - |
| 11/15/07 [2011] | 7/1/07 - 9/30/07 | $397,231.25 | $25,648.15 | Order 12/20/07 [2227] | $397,231.25 | $25,648.15 | - 0 - |
| 1/30/08 [2351] | 10/1/07 - 11/30/07 | $348,383.75 | $29,231.08 | CNO 2/21/08 [2387] | $278,707.00 | $29,231.08 | $69,676.75 |
| 2/20/08 [2383] | 12/1/07 - 12/31/07 | $680,066.25 | $53,819.75 | Pending | - 0 - | - 0 - | $733,886.00 |
| 3/7/08 [2425] | 1/1/08 - 1/22/08 | $932,072.50 | $61,390.59 | Pending | - 0 - | - 0 - | $993,463.09 |
| | | $6,520,447.50 | $513,120.32 | | | | |

# Summary of Time & Fees by Professional for Final Period

## *SEPTEMBER 28, 2006 THROUGH JANUARY 22, 2008*

| Professional | Position | Rate | Hours | Fees |
|---|---|---|---|---|
| Bob Caruso | Managing Director - Restructuring | $650 | 133.25 | $86,612.50 |
| | | $600 | 930.50 | $558,300.00 |
| Benjamin Diaz | Managing Director – Tax | $595 | 28.50 | $16,957.50 |
| Juan Ferrucho | Managing Director – Tax | $595 | 33.50 | $19,932.50 |
| J.D. Ivy | Managing Director – Tax | $595 | 11.50 | $6,842.50 |
| Jose Lamela | Managing Director – Tax | $595 | 252.50 | $150,237.50 |
| Sean Menendez | Managing Director – Tax | $595 | 17.00 | $10,115.00 |
| Jeff Stegenga | Managing Director - Restructuring | $600 | 2.00 | $1,200.00 |
| Jonathan Vanderveen | Managing Director – DAF | $595 | 153.00 | $91,035.00 |
| Stephen Borman | Managing Director – Tax | $595 | 84.75 | $50,426.25 |
| George Varughese | Managing Director - Restructuring | $600 | 22.00 | $13,200.00 |
| Fernando Gaspar | Managing Director - Restructuring | $600 | 11.25 | $6,750.00 |
| Jim Dubow | Managing Director - Restructuring | $500 | 107.25 | $53,625.00 |
| Jay Bradford | Senior Director - Restructuring | $500 | 1,659.00 | $829,500.00 |
| | Managing Director - Restructuring | $550 | 8.50 | $4,675.00 |
| Elizabeth Marquardt | Senior Director – Tax | $500 | 236.00 | $118,000.00 |
| Robert Fitzula | Senior Director – Tax | $500 | 125.00 | $62,500.00 |
| Don Harer | Senior Director - Restructuring | $500 | 1,103.75 | $551,875.00 |
| John Schissler | Director – Restructuring | $450 | 1,353.00 | $608,850.00 |
| Nate Arnett | Director – Restructuring | $450 | 23.00 | $10,350.00 |
| Fernando Diaz | Director – Tax | $425 | 67.50 | $28,687.50 |
| Brian Drujak | Director – Tax | $425 | 67.50 | $28,687.50 |
| Luke Lonergan | Director – Restructuring | $350 | 581.50 | $203,525.00 |
| | | $425 | 2,354.00 | $1,000,450.00 |
| Brian Burns | Director - Restructuring | $450 | 820.00 | $369,000.00 |
| Sarah Wilson | Manager – DAF | $425 | 35.50 | $15,087.50 |
| Jonathan Lai | Manager – Restructuring | $375 | 375.25 | $140,718.75 |
| Stuart Berman | Senior Associate - Restructuring | $350 | 564.00 | $197,400.00 |
| | Director – Restructuring | $425 | 340.75 | $144,818.75 |
| Vin Batra | Senior Associate - Restructuring | $425 | 17.00 | $7,225.00 |
| Daniel Wu | Senior Associate - Restructuring | $375 | 130.45 | $48,918.75 |
| Joseph O'Leary | Senior Associate – DAF | $350 | 453.50 | $158,725.00 |
| Rory Griffin | Senior Associate – DAF | $350 | 550.00 | $192,500.00 |
| Angie Adames | Senior – Tax | $350 | 92.25 | $32,287.50 |
| Michelle Robles | Senior – Tax | $350 | 27.00 | $9,450.00 |
| Silvia Flores | Senior – Tax | $350 | 35.50 | $12,425.00 |
| Bradley Boudouris | Associate – DAF | $275 | 366.25 | $100,718.75 |
| Ernst Pintar | Associate – Restructuring | $275 | 89.00 | $24,475.00 |
| Holly Sjostrom | Associate – DAF | $275 | 425.50 | $117,012.50 |
| John Fakhoury | Associate – DAF | $275 | 198.75 | $54,656.25 |
| Stephen Mohrman | Associate – DAF | $275 | 82.00 | $22,550.00 |
| Mark Levine | Associate – Tax | $260 | 146.00 | $37,960.00 |
| Bobby Sheth | Associate – Restructuring | $350 | 302.00 | $105,700.00 |

| Professional | Position | Rate | Hours | Fees |
|---|---|---|---|---|
| Joseph Burke | Associate – Tax | $260 | 66.00 | $17,160.00 |
| Nick Grossi | Analyst – Restructuring | $275 | 868.75 | $238,906.25 |
| Jian Xu | Analyst – Restructuring | $250 | 4.00 | $1,000.00 |
| Mary Napoliello | Analyst – Restructuring | $175 | 165.25 | $28,918.75 |
| Subtotal | | | 15,520.45 | $6,589,947.50 |
| | *Less Voluntary Reduction** | | | *-$69,500.00* |
| **Total** | | | | **$6,520,447.50** |
| | **Blended Rate: $420.12** | | | |

* An additional voluntary reduction of $30,312.50 was taken on the January '08 statement by eliminating the hours and fees associated with certain tax professions from our Tax group.

## SUMMARY OF TIME & FEES BY MATTER CODE FOR FINAL PERIOD

| Matter Code | Description | Total Hours | Total Fees Requested |
|---|---|---|---|
| ACT | Assist with the development and execution of the company's accounting, finance and treasury processes, controls and support information requirements. | 5,452.25 | $2,146,927.75 |
| ADM | Address administrative matters related to the engagement. Including coordinating meetings, conference calls and the delivery of information, and preparing or reviewing court documents and general case management. | 146.50 | $67,431.25 |
| AST | Advise and assist management in preparing for and negotiating various agreements and accommodations with customers and suppliers. | 306.50 | $138,718.75 |
| BNK | Advise and assist the company on matters concerning operating the business under Chapter 11. | 858.50 | $386,693.75 |
| BUS | Advise and assist the company with the planning, development, evaluation and implementation of the company's strategic, business and operating plans including the coordination and preparation of the related financial projections. | 2,195.75 | $985,918.75 |
| CHN | Assist the Debtors in analyzing information provided by local management of the Debtors' 90% owned Deltak Power Equipment China, Inc. ("DPEC") joint venture concerning the operations and liquidity needs of DPEC. A&M also assisted in providing support to the local broker as it went through a sale process of the Debtors 90% interest in the DPEC joint venture. | 510.95 | $201,687.50 |
| CLM | Assist Debtors in managing claims resolution process including working with the Debtors in analyzing claims scheduled or claims filed to verify or substantiate amounts and to support the Debtors' advisors in determining the claims base by priority. | 581.75 | $260,850.00 |
| COL | Advise and assist debtors in preparing analyses, forecasts and other information, participate in negotiations and meetings and review and edit court orders in support of obtaining use of cash collateral. | 183.25 | $89,287.50 |
| COM | Coordinate and fulfill information requests, prepare for and attend meetings and participate in negotiations with the prepetition lenders, Official Committee of Unsecured Creditors, Official Committee of Equity Holders, other interested parties and their respective legal and financial advisors. | 1,051.25 | $492,318.75 |

| Matter Code | Description | Total Hours | Total Fees Requested |
|---|---|---|---|
| CRT | Prepare for and participate in hearings before the bankruptcy court having jurisdiction over the case or cases commenced under the Bankruptcy Code. | 39.25 | $23,250.00 |
| CSM | Advise and assist management in treasury matters including the development of weekly cash forecasts, reporting on cash activity and management of letters of credit and bonding matters. | 1,734.75 | $692,312.50 |
| DIP | Advise and assist management in connection with addressing the financial and operational aspects of its DIP financing. | 173.75 | $91,293.75 |
| FEE | Prepare monthly fee statements, interim and final fee applications. | 272.75 | $73,418.75 |
| GEN | Prepare and review court documents and general case management. | 23.25 | $8,425.00 |
| HR | Support the Debtors' human resource and employee relations initiatives including recruitment, hiring and training programs. | 24.00 | $13,600.00 |
| LIT | Advise and assist the company with document production, review and analysis including preparation for and participation in deposition and testimony related to SNC litigation. | 52.75 | $32,556.00 |
| MTG | Participate in meetings with Debtors' management, Board of Directors and/or advisors to present findings or discuss various matters related to the filing or operating the business. | 394.75 | $197,537.50 |
| POR | POR Assistance - advise and assist Debtors in the formulation, presentation and negotiation of the plan of reorganization and supporting materials including the disclosure statement and chapter 11 Plan documents. | 303.50 | $154,306.25 |
| TRA | Non- Working Travel time. | 1,215.00 | $533,413.75 |
| **Subtotal** | | **15,520.45** | **$6,589,947.50** |
| | *Less Voluntary Reduction* | | *-$69,500.00* |
| **Total** | | **15,646.70** | **$6,520,447.50** |

## SUMMARY OF EXPENSES BY CATEGORY FOR FINAL PERIOD

| Expense Category | Service Provider (if applicable) | Expense Amount |
|---|---|---|
| Transportation[1] | Various | $265,331.36 |
| Lodging | Various | $170,685.08 |
| Out-of-town Meals | Various | $33,711.04 |
| Miscellaneous Expenses | Various | $43,392.84 |
| Total | | **$513,120.32** |

---

[1] All airfare travel was in coach class.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| GLOBAL POWER EQUIPMENT GROUP INC., et al., | Case No. 06-11045 (BLS) |
| Debtors. | Jointly Administered |

## FINAL APPLICATION OF ALVAREZ & MARSAL NORTH AMERICA, LLC IN THEIR CAPACITY AS FINANCIAL AND RESTRUCTURING ADVISOR TO THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED
## FOR THE PERIOD SEPTEMBER 28, 2006 TO JANUARY 22, 2008

1.      Pursuant to sections 327, 328, 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Alvarez & Marsal North America, LLC ("A&M"), financial and restructuring advisor to Global Power Equipment Group Inc. ("Global Power") and its affiliated debtors and debtors in possession (collectively, the "Debtors"),[2] as and for its Final Application for allowance of compensation for financial and restructuring advisory services rendered in the amount of $6,520,447.50, incentive compensation in the amount of $500,000.00 and reimbursement of expenses incurred on

---

[2]      In addition to Global Power, the Debtors include Global Power Professional Services, L.L.C.; Braden Manufacturing, L.L.C., Braden Construction Services, Inc. (collectively, the "Braden Debtors"); Deltak, L.L.C., Deltak Construction Services, Inc. (collectively, the "Deltak Debtors"); Williams Industrial Services Group, L.L.C., Williams Industrial Services, LLC, Williams Specialty Services, LLC, Williams Plant Services, LLC, and WSServices, LP (collectively, the "Williams Debtors").

behalf of the Debtors (the "Application") in the amount of $513,120.32, for an aggregate amount of $7,533,567.82 for the period commencing September 28, 2006 through January 22, 2008 (the "Final Compensation Period"), respectfully represents as follows:

**Jurisdiction**

2.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.     On September 28, 2006 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their respective businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases (these "Cases") have been consolidated for procedural purposes only and are being jointly administered.

4.     On October 10, 2006, the United States Trustee (the "Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") in these Cases. On November 9, 2006, the Trustee appointed the Official Committee of Equity Security Holders (the "Equity Committee"). No trustee or examiner has been requested or appointed in any of the Debtors' Cases.

5.     On September 29, 2006, the Debtors filed their Application for an Order Pursuant to 11 U.S.C. §§ 327(a) and 328 Authorizing the Employment and Retention of Alvarez & Marsal LLC as Financial and Restructuring Advisors for the Debtors *Nunc Pro Tunc* to the Petition Date (the "Retention Application") [Docket No. 23]. On

November 17, 2006, the Debtors filed the First Supplemental Affidavit of Robert M. Caruso in Support of Application for Employment and Retention of Alvarez & Marsal LLC as Financial and Restructuring Advisors for the Debtors [Docket No. 338].

6.　　By order dated November 17, 2006 (the "Retention Order"), the Court approved the Retention Application and authorized the Debtors to retain A&M, *nunc pro tunc* to the Petition Date, to serve as their financial and restructuring advisors in these Cases [Docket No. 349].

**Relief Requested**

7.　　A&M submits this Application in accordance with the Administrative Order of this Court dated October 26, 2006 [Docket No. 191] establishing procedures for interim compensation and reimbursement of professionals (the "Compensation Order"). All services for which A&M requests were performed for, or on behalf of, the Debtor.

8.　　Pursuant to the Interim Compensation Order (Section 327, 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and local Rule 2016-2), A&M is filing this Final Application for compensation for professional services rendered and reimbursement of expenses incurred in these Cases during the Compensation Period.

9.　　In accordance with the Compensation Order A&M filed interim fee applications as follows:

(a)　on February 15, 2007 for the first interim period of September 28, 2006 through December 31, 2006 in the amounts of $1,391.812.50 in fees and $100,536.58 in expenses [Docket No. 793];

(b)　on May 15, 2007 for the second interim period of January 1, 2007 through March 31, 2007 in the amount of $1,737,968.75 in fees and $144,581.48 in expenses [Docket No. 1155];

(c)     on August 14, 2007 for the third interim period of April 1, 2007 through June 30, 2007 in the amount of $1,032,912.50 in fees and $97,912.79 in expenses [Docket No. 1486];

(d)     on November 15, 2007 for the fourth interim period of July 1, 2007 through September 30, 2007 in the amount of $397,231.25 in fees and $25,648.15 in expenses [Docket No. 2011];

(e)     on January 30, 2008 for the thirteenth monthly period of October 1, 2007 through November 30, 2007 in the amount of $348,383.75 in fees and $29,231.08 in expenses [Docket No. 2351];

(f)     on February 20, 2008 for the fourteenth monthly period December 1, 2007 through December 30, 2007 in the amount of $680,066.25 in fees and $53,819.75 in expenses [Docket No. 2383];

(g)     on March 7, 2008 for the fifteenth monthly period January 1, 2008 through January 22, 2008 in the amount of $932,072.50 in fees and $61,390.59 in expenses [Docket No. 2425 ].

Collectively, these interim and monthly applications supports A&M's total request of $6,520,487.50 in compensation and $513,120.32 in expense reimbursement for the Final Period. This Court entered an Order for the first, second, third and fourth interim application [Docket Nos. 934, 1334, 1748, 2227]. A certificate of no objection was filed for the thirteenth monthly application [Docket 2387]. The objection period for the fourteenth and fifteenth monthly period is set to expire March 11, 2008 and March 26, 2008 respectively. In addition, in accordance with the Retention Order, A&M is entitled to a Restructuring Fee of $500,000 payable upon the consummation of a Chapter 11 Plan. As such, A&M seeks authorization for the payment of such Restructuring Fee as part of this Final Application.

### Summary of Services

10.     Given the nature and value of the services that A&M provided to the Debtor as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

11.     A&M has received no payment and no promises for payment from any source for services rendered in connection with this case other than those in accordance with the Bankruptcy Rules.  There is no agreement or understanding between A&M and any other person (other than members of A&M) for the sharing of compensation to be received for the services rendered in this case.

12.     In general, the services that A&M rendered as financial advisors to the Debtor included, without limitation, the following:

(a)     assisted with the development and execution of the company's accounting, finance and treasury processes, controls and support information requirements including assisting the Debtors in preparing significant schedules, account analyses and reconciliations necessary for the Debtors' outside auditors to complete the 2006 audit that was a condition to exit Chapter 11;

(b)     addressed administrative matters related to the engagement, including coordinating meetings, conference calls and the delivery of information, and preparing or reviewing court documents and general case management, assisted the Company in the evaluation of the Company's business plan and assisted with the preparation of cash flow forecast and presentation of plan and forecast to the Company's management, Board of Directors and/or, its creditors;

(c)     advised and assisted management in preparing for and negotiating various agreements and accommodations with customers and suppliers;

(d)     advised and assisted the company on matters concerning operating the business under Chapter 11;

(e)     advised and assisted the company with the planning, development, evaluation and implementation of the company's strategic, business and operating plans including the coordination and preparation of the related financial projections;

(f)     assisted the debtors in analyzing information provided by local management of the debtors' 90% owned Deltak Power Equipment China, Inc. ("DPEC") joint venture concerning the operations and liquidity needs of DPEC; also assisted in providing support to the local broker as it went through a sale process of the Debtors 90% interest in the DPEC joint venture;

(g)     assisted debtors in managing claims resolution process including working with the debtors in analyzing claims scheduled or claims filed to verify or substantiate amounts and to support the Debtors' advisors in determining the claims base by priority;

(h)     advised and assisted debtors in preparing analyses, forecasts and other information, participated in negotiations and meetings and reviewed and edited court orders in support of obtaining use of cash collateral;

(i)     coordinated and fulfilled information requests, prepared for and attended meetings and participated in negotiations with the pre-petition lenders, Official Committee of Unsecured Creditors, Official Committee of Equity Holders, other interested parties and their respective legal and financial advisors;

(j)     prepared for and participated in hearings before the bankruptcy court having jurisdiction over the case or cases commenced under the Bankruptcy Code;

(k)     advised and assisted management in treasury matters including the development of weekly cash forecasts, reporting on cash activity and management of letters of credit and bonding matters;

(l)     advised and assisted management in connection with addressing the financial and operational aspects of its DIP financing;

(m)     supported the debtors' human resource and employee relations initiatives including recruitment, hiring and training programs;

(n)     advised and assisted the company with document production, review and analysis including preparation for and participation in depositions and testimony related to SNC litigation;

(o)     participated in meetings with debtors' management, Board of Directors and/or advisors to present findings or discuss various matters related to the filing or operating the business; and

(p)     advised and assist debtors in the formulation, presentation and negotiation of the plan of reorganization and supporting materials including the disclosure statement and chapter 11 Plan documents.

### **Amounts Requested**

13.     For the Compensation Period, A&M seeks final approval of compensation in the amount of $6,520,447.50, a Restructuring Fee in the amount of $500,000.00 and reimbursement of necessary expenses in the amount of $513,120.32 and further seeks to apply its retainer of $820.73.

### **Certification**

14.     The undersigned hereby certifies that he has reviewed the requirements of Local Rule 2016-2 and that this Application complies with the aforementioned rule.

13.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable give: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

WHEREFORE, A&M respectfully requests this Court approve on a final basis compensation in the amount of $6,520,447.50, the Restructuring Fee in the amount of $500,000.00 and expense reimbursement in the amount of $513,120.32 for the period September 28, 2006 through January 22, 2008 and the application of the remaining retainer of $820.73.

Dated: March 7, 2008

Alvarez and Marsal North America, LLC

_____/s/ Robert M. Caruso_____
Robert M. Caruso
Managing Director